IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN D. BRANTLEY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-14-1881 |
| STATE OF MARYLAND -- STATE'S ATTORNEY OFFICE | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-captioned civil rights action was filed on June 10, 2014, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted. For the following reasons the complaint must be dismissed.

The complaint is filed against the State's Attorney Office and appears to concern a state criminal matter in the district court for Baltimore County, Maryland. ECF 1. Beyond that bare-bones summary, the claim asserted is illegible. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1) requires that each averment of a pleading be "simple, concise, and direct." A court is not obliged to ferret through a complaint, searching for viable claims. Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel. *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989). A pleading must give the court and the defendant "fair notice of what that plaintiff's

claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Given that this court cannot discern what action or inaction forms the basis of the instant complaint, it is plain it is not clear enough to enable the defendant to know how to defend the case. Moreover, Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect *judicial process*; thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial"; therefore, defendant in the instant case enjoys absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996).

To the extent plaintiff is also asserting a state tort claim, that claim is dismissed without prejudice. *See* ECF 3. A federal court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed the federal claim. 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). A separate order will issue.

DATED this 17 day of June, 2014.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge